UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:05-CR-00241-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| JAMES BRETT ZIMMERMAN, ) | |
| ) | |
| Defendant. ) | |

Before the court is defendant James Zimmerman's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (#46[1]). The United States filed an opposition (#50), and thereafter Zimmerman filed a reply (#51), a supplemental reply and affidavit (#59), a motion for an evidentiary hearing (#61), and a motion for order of the court (#62).

**I.   Procedural History**

On December 21, 2005, Zimmerman was indicted on one count of bank robbery in violation of 18 U.S.C. § 2113(a). Doc. #1. Following his initial plea of not guilty, on January 22, 2007, Zimmerman changed his plea to guilty. Doc. #38. On May 7, 2007, he was sentenced to two hundred forty (240) months incarceration, thirty-six (36) months of supervised release, a $100 assessment, and $30,633.00 restitution. Doc. #43. He filed no appeal. On April 14, 2008,

---

[1]Refers to the court's docket entry number.

Zimmerman filed the present § 2255 motion to vacate, set aside, or correct his sentence.  Doc. #46.

## II.     Discussion

Pursuant to § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  The prisoner is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b).

The court concludes that the motion and the files and records of the case do not conclusively show that Zimmerman is not entitled to relief.  In particular, Zimmerman alleges that despite his reluctance, he decided to plead guilty based on the erroneous advice of his attorney that based on his criminal history he would qualify for a mandatory life sentence under the federal "three strikes" statute, 18 U.S.C. § 3559(c)(1).  Zimmerman alleges that his counsel failed to conduct even minimal research into his prior convictions and that if such research had been conducted it would have been discovered that Zimmerman's prior convictions do not qualify as "serious violent felonies" because they did not involve the use or threatened use of a firearm or other dangerous weapon, nor did they result in death or serious bodily injury.  *See id.* § 3559(c)(3)(A).  Zimmerman further argues that the two uncharged bank robberies also do not qualify as predicate offenses under the terms of § 3559(c)(1) (counting only "convictions [that] have become final" and that were "committed after the defendant's conviction of the preceding" predicate conviction).

Zimmerman's claim of ineffective assistance of counsel is complicated by the fact that an offense may be deemed a "serious violent felony" for purposes of the federal "three strikes" statute without proof by the government that the offense involved the use or threatened use of a firearm of

2

other dangerous weapon.  *See* 18 U.S.C. § 3559(c)(1), (c)(2)(F).  Instead, the statute places the burden on "the defendant" to establish "by clear and convincing evidence" that an otherwise qualifying offense did *not* involve the use or threatened use of a firearm or other dangerous weapon, and did not result in death or serious bodily injury.  18 U.S.C. § 3559(c)(3)(A); *see also United States v. Kaluna*, 192 F.3d 1188, 1196 (9th Cir. 1999) (en banc).  Furthermore, even if Zimmerman is correct that he is not eligible for a mandatory life sentence under § 3559(c)(1), if he were successful in withdrawing his plea and vacating his present twenty-year sentence, he might then be indicted on three counts of bank robbery and face a possible twenty-year maximum sentence on each charge.  *See* 18 U.S.C. § 2113(a).  Nonetheless, based on Zimmerman's allegations and the files and records of the case, the court is unable to conclusively determine that he did not receive ineffective assistance of counsel or that he was not prejudiced as a result.  Zimmerman is therefore entitled to an evidentiary hearing.  *See* 28 U.S.C. § 2255(b).

IT IS THEREFORE ORDERED that Defendant's request for an evidentiary hearing is GRANTED.  An evidentiary hearing on Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (#46) is scheduled for Monday, May 23, 2011, at 1:30 PM in Reno Courtroom 5.  The U.S. Marshall shall transport the defendant to this district for purposes of evidentiary hearing.  The Office of the U.S. Attorney shall provide the U.S. Marshall with the documents necessary to allow transportation of the defendant.

IT IS SO ORDERED.

DATED this 6th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE