UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES BRETT ZIMMERMAN,<br><br>　　　　　　　　　　　Defendant. | 3:05-cr-00241-LRH-VPC<br><br>ORDER |

Before the court is petitioner James Brett Zimmerman's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] ECF No. 95. Because *Beckles v. United States*, 137 S. Ct. 886 (2017) forecloses Zimmerman's only claim for relief, the court will deny his motion and deny him a certificate of appealability.

**I.   Background**

On January 22, 2007, Zimmerman pled guilty to one count of federal bank robbery. ECF Nos. 38–39. On May 7, 2007, this court sentenced Zimmerman to 240 months of imprisonment. ECF Nos. 42–43. In arriving at this sentence, the court applied the career-offender enhancement under U.S.S.G. § 4B1.1 based on the fact that his instant offense and two prior federal and state robbery convictions were all crimes of violence. *See* ECF No. 95 at 3; ECF No. 60 at 3–4; *see also* U.S. Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2016) (defining the career-offender enhancement).

---

[1] Because the content of Zimmerman's motion conclusively shows that he is not entitled to relief, the court has not ordered the United States to respond. *See* 28 U.S.C. § 2255(b).

On April 14, 2008, Zimmerman moved to vacate his sentence pursuant to 18 U.S.C. § 2255. ECF No. 46. The court denied that motion (ECF No. 81), which was affirmed by the Ninth Circuit Court of Appeals (ECF No. 89). Pursuant to 18 U.S.C. § 2255(h), Zimmerman sought authorization from the Ninth Circuit before filing his instant second section 2255 motion (ECF No. 96), which the Ninth Circuit granted (ECF No. 99).

## II.     Legal standard

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id*. § 2255(b).

## III.    Discussion

### A.     Pursuant to *Beckles v. United States*, Zimmerman is not entitled to relief

Zimmerman seeks relief in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). There, the U.S. Supreme Court ruled that a portion of the ACCA's violent-felony definition, often referred to as the "residual clause," was unconstitutionally vague (i.e., "void for vagueness"). *Johnson*, 135 S. Ct. at 2557. The ACCA applies to certain defendants charged with unlawful possession of a firearm under 18 U.S.C. § 922(g), such as being a felon in possession of a firearm under § 922(g)(1). 18 U.S.C. § 924(e). The Supreme Court subsequently held that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016), thus allowing defendants to challenge their ACCA convictions under section 2255.

Moreover, *Johnson* also sparked challenges to other federal criminal statutes and sections of the U.S. Sentencing Guidelines that incorporate a "crime-of-violence" definition that includes a residual clause similar or identical to the ACCA's. Although some of these issues are currently

on appeal, the Supreme Court recently ruled in *Beckles v. United States* that "the advisory Sentencing Guidelines, including [U.S.S.G.] § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." *Beckles*, 137 S. Ct. at 896.

Here, Zimmerman's central argument is that the residual clause under U.S.S.G. § 4B1.2(a)'s crime-of-violence definition is void for vagueness in light of *Johnson*. ECF No. 95 at 3–5. The Supreme Court's decision in *Beckles* forecloses this argument, and this court will therefore deny Zimmerman's motion.[2]

### B. The court will deny Zimmerman a certificate of appealability

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. To meet this threshold inquiry, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006) (internal citations, quotation marks, and brackets omitted).

As discussed above, *Beckles* clearly forecloses Zimmerman's only claim for relief, and he has therefore failed to make any showing of a denial of a constitutional right. The court will therefore deny him a COA.

## IV. Conclusion

IT IS THEREFORE ORDERED that petitioner James Brett Zimmerman's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 95) is **DENIED**.

///

---

[2] Some petitioners who were sentenced *before* the Supreme Court declared the Sentencing Guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005) have argued that *Beckles* does not foreclose their claims. This issue is inapplicable to the instant petition, as Zimmerman was sentenced in 2007, well after *Booker*. ECF No. 43.

IT IS FURTHER ORDERED that Zimmerman is **DENIED** a certificate of appealability.

IT IS SO ORDERED.

DATED this 17th day of July, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE